UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD TULLY,<br><br>    Plaintiff,<br><br>v.<br><br>RON DAVIS,<br><br>    Defendant. | Case No. 18-cv-04763-EMC<br><br>**DEATH PENALTY CASE**<br><br>**ORDER GRANTING PETITIONER'S MOTION FOR EQUITABLE TOLLING**<br><br>Docket No. 16 |

## I.     INTRODUCTION

Petitioner, a condemned inmate at San Quentin State Prison, has filed a motion for equitable tolling of the one-year limitations period applicable to federal habeas corpus petitions. Respondent does not oppose the motion. For the reasons that follow, Petitioner's motion is **GRANTED**.

## II.     BACKGROUND

In December 1992, Petitioner was sentenced to death in the Alameda County Superior Court following his convictions for murder and assault with intent to commit rape of Shirley Olsson. The California Supreme Court affirmed his conviction on July 30, 2012. *People v. Tully*, 54 Cal. 4th 952 (2012). The United States Supreme Court denied certiorari on February 19, 2013. *Tully v. California*, 568 U.S. 1175 (2013).

On March 16, 2011, while his direct appeal was pending, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court. (Docket No. 1). The Supreme Court of California denied this petition on June 20, 2018.

Petitioner filed a request for appointment of counsel and stay of execution in this Court on August 7, 2018. His request for a stay was granted and his case was referred to the Selection

1 Board for recommendation of counsel. (Docket No. 6). The Court thereafter appointed counsel

2 on September 13, 2018. (Docket No. 10).

3 On April 2, 2019, counsel filed the instant Motion for Equitable Tolling of the Deadline for Filing the Petition for Writ of Habeas Corpus. Counsel assert that, given their recent appointment, the voluminous record, and the "nature and complexity of this case," they cannot prepare and file a federal habeas corpus petition by June 20, 2019, the date on which such petition is due to this court pursuant 28 U.S.C. § 2244(d)(1). (Docket No. 16-1). Petitioner requests that the statute of limitations be tolled eighty-five days, from June 20, 2018—the date the California Supreme Court denied his petition for writ of habeas corpus—to September 13, 2018—the date this Court appointed counsel for Petitioner's federal habeas proceedings. Respondent has filed a Response indicating that "he waives his statute of limitations defense to the 85 days identified" in Petitioner's motion, and that he therefore does not oppose the motion. (Docket No. 17). If Petitioner is afforded the equitable tolling he requests, his federal habeas corpus petition will be due September 13, 2019.

### III.   DISCUSSION

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year period of limitations on the filing of a federal petition for writ of habeas corpus. § 2244(d)(1). As relevant here, the one-year period of limitations begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" § 2244(d)(1)(A). "Direct review" concludes upon the United States Supreme Court's denial of certiorari review of a state court conviction, or upon the expiration of the time for filing a petition for certiorari review in the United States Supreme Court. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). Additionally, the one-year period of limitations is statutorily tolled while a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" § 2244(d)(2). However, this statutory tolling does not apply to the period, if any, between the conclusion of direct review and the proper filing of a State post-conviction petition. *Grant v. Swarthout*, 862 F.3d 914, 918 (9th Cir. 2017) (citing *Roy v. Lampert*, 465 F.3d 964, 968 (9th Cir. 2006)). Because Petitioner filed his state habeas corpus

2

petition while his direct appeal was pending before the California Supreme Court, the one-year deadline for his federal habeas corpus petition was statutorily tolled until June 20, 2018, the date the California Supreme Court denied his petition.

The one-year period of limitations may also be subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 649 (2010). In order to obtain equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (internal quotation marks omitted). As to the first prong—diligence—the habeas petitioner is not required to show "maximum feasible diligence." *Id.* at 653. Rather, the petitioner must establish only "reasonable diligence," i.e., that the petitioner "was diligent in his efforts to pursue his appeal at the time his efforts were being thwarted." *Grant*, 862 F.3d at 923 (internal quotation marks and emphasis omitted). Furthermore, the petitioner is not required to show that it was impossible to file his federal habeas petition despite reasonable diligence. Rather, "equitable tolling is appropriate where 'it would have technically been possible for a prisoner to file a petition, but a prisoner would have likely been unable to do so.'" *Id.* at 918 (quoting *Gibbs v. Legrand*, 767 F.3d 879, 888 (9th Cir. 2014)).

In addition to the foregoing, it is pertinent to the Court's analysis of Petitioner's request that an indigent, death-sentenced inmate pursuing federal habeas corpus relief is statutorily entitled to the appointment of counsel. *See* 18 U.S.C. § 3599(a)(2). This right to counsel necessarily encompasses "a right for that counsel meaningfully to research and present a defendant's habeas claims." *McFarland v. Scott*, 512 U.S. 849, 858 (1994). Thus, given the complexity of capital habeas corpus proceedings and the seriousness of the penalty imposed in the state court, a petitioner's access to counsel, and counsel's opportunity to meaningfully research and prepare for filing a federal habeas corpus petition, are particularly salient considerations in the equitable tolling analysis. Indeed, as this Court previously observed,

> a capital habeas petitioner is generally entitled to equitable tolling during the time that a court is seeking counsel to appoint to represent the petitioner, because the lack of appointed counsel is an extraordinary circumstance beyond the petitioner's control that often makes it impossible for a petitioner to file an otherwise timely petition that has been prepared with the assistance of counsel.

3

*Stanley v. Martel*, No. 3-7-cv-4727-EMC, 2011 WL 3154792, at *1 (N.D. Cal. July 26, 2011) (internal quotations marks and citation omitted).

Here, the Court concludes that Petitioner has acted with reasonable diligence in pursuing his rights. Petitioner's federally-appointed counsel, who also represented Petitioner in state habeas corpus proceedings, first contacted the California Appellate Project ("CAP") regarding appointment of counsel for federal court proceedings on June 20, 2018, the date Petitioner's state court petition for habeas corpus relief was denied. (Docket No. 16-1). Counsel provided Petitioner with the CAP forms for appointment of counsel on August 6, 2018. (*Id.*). Petitioner completed the forms and initiated this action, invoking his statutory right to counsel, by filing these same forms the following day, August 7, 2018. Petitioner's request for appointment of counsel was granted on August 9, 2018, and, after review by the Selection Board, counsel was appointed on September 13, 2018. Petitioner seeks equitable tolling only for the period during which he was without counsel prior to the appointment of his federal counsel. Thus, Petitioner requests equitable tolling for the eighty-five days that passed from June 20, 2018, to September 13, 2018, thirty-five of which are attributable to the Court's referral to the Selection Board. Under these circumstances, the Court finds that Petitioner acted with sufficient diligence during this time for purposes of equitable tolling. *See, e.g., Hoyos v. Wong*, No. 09-cv-0388-L-NLS, 2010 WL 596443, at *5 (S.D. Cal. Feb. 16, 2010); *Pollock v. Martel*, No. 4-5-cv-1870-SBA, 2012 WL 174821, at *2 (N.D. Cal. Jan. 20, 2012).

As to extraordinary circumstances, pursuant to the standards discussed above, the Court finds that Petitioner's lack of federally-appointed counsel from June 20, 2018, through September 13, 2018, was an extraordinary circumstance that prevented him from filing his federal habeas corpus petition during that time. This finding is predicated on both the complexity of federal capital habeas corpus, generally, and on the fact that, based upon Petitioner's representations, the record in this case is voluminous. (*See* Doc. 16 at 7). Given these circumstances, it is unlikely that Petitioner, through no fault of his own and despite his reasonable diligence, could have filed his federal habeas corpus petition during the eighty-five days for which he is requesting equitable tolling. In addition, the relatively short period for which Petitioner requests equitable tolling and

Respondent's concomitant waiver of any statute of limitations defense for that period further support a grant of equitable tolling in this case. As such, the Court finds Petitioner is entitled to equitable tolling of the one-year period of limitations for the eighty-five days during which he was without appointed counsel.

## IV. CONCLUSION

The Court concludes that Petitioner has been pursuing his rights diligently, and that he was unable to file his federal habeas corpus petition prior to the appointment of counsel in this case. The Court therefore **GRANTS** Petitioner's motion to equitably toll his limitations period from June 20, 2018—the date the state court denied his habeas petition—until September 13, 2018, the date of appointment of counsel by this Court. Accordingly, Petitioner shall file his habeas corpus petition on or before September 13, 2019. The hearing on Petitioner's motion presently set for May 9, 2019, at 1:30 p.m., is hereby **VACATED**.

This order disposes of Docket No. 16.

**IT IS SO ORDERED**.

Dated: April 17, 2019

_____
EDWARD M. CHEN
United States District Judge